UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 05-102-KSF
(Civil Action No. 07-85-KSF)

UNITED STATES OF AMERICA  PLAINTIFF

vs.  **OPINION AND ORDER**

ANTWONE M. SANDERS  DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court on the Motion of defendant Antwone M. Sanders, pro se, filed pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence imposed in this action on March 31, 2006.  The matter was referred to the Magistrate Judge who, on August 14, 2007, issued Proposed Findings of Fact and Recommendation that the petition be denied [DE # 40].  Petitioner filed handwritten objections on August 20 [DE #41] and different typewritten objections on August 23 [DE #42].  After reviewing *de novo* the Proposed Findings of Fact and Recommendation and Petitioner's Objections, this Court adopts the decision of the Magistrate Judge and denies the motion to vacate.

I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 5, 2006, Sanders entered a plea of guilty to being a convicted felon in possession of a Rossi .357 revolver and ammunition in violation of 18 U.S.C. § 922(g)(1).  On March 31, 2006, Sanders received a sixty-six-month sentence of imprisonment. On February 22, 2007, Sanders filed a motion to reconsider his sentence and to run it concurrently with his state sentence [DE #29].  On March 26, 2007, Sanders filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence in which he asked for a "clarification of sentencing to receive time already served credited."  [DE #31].  The United States moved to dismiss on the grounds that Sanders waived the right to collaterally attack his sentence when he entered a plea

Case: 5:07-cv-00085-KSF   Doc #: 4   Filed: 01/18/08   Page: 2 of 4 - Page ID#: 17

of guilty and that the court lacked jurisdiction to consider a sentencing credit under Section 2255 [DE #33].

On May 24, 2007, Sanders filed a motion for reconsideration of his sentence [DE #34] in which he challenged the legal basis for the two-level enhancement to his sentence. The next day, he filed an Amendment challenging the legal basis for the four-level enhancement [DE #35]. The United States moved to dismiss the motion and amendment on the grounds that Sanders waived the right to collaterally attack his sentence, the motion was barred by the one-year statute of limitations, and the amendment did not relate back because it asserted a new ground for relief based on a different set of facts [DE #36].

The Magistrate Judge agreed with the United States and granted the motions to dismiss. The Recommendation additionally concluded that the challenges to the enhancements were without merit. Sanders made no objection to the recommendations of dismissal based upon a lack of jurisdiction. Instead, he objected that his sentences were not served concurrently and that the two-point enhancement was a violation of several of his constitutional rights [DE #41]. His second objections were that his amendment related back "as long as there has not been a ruling on it," that his plea was involuntary and thereby allowed a collateral attack, and that the two-level enhancement violated his constitutional rights [DE #42].

II.   ANALYSIS

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(C) "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). No matter what other arguments Sanders made, the petition must be dismissed for lack of jurisdiction.

Motions for sentencing credit are to be directed to the Attorney General and the Bureau of Prisons under 28 U.S.C. § 2241 in the district of incarceration. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (Section "2241 is appropriate for claims challenging the execution of manner in which the sentence is served"); *United States v. Wilson*, 503 U.S. 329, 334-35 (1992) ("The Attorney General, through the BOP, has the responsibility of administering the sentence" and determining jail-time credit). The Bureau of Prisons has "developed detailed procedures and guidelines for determining the credit available to prisoners." *Id.* at 335. Prisoners may seek administrative review of the computation of their credits, and, after exhausting their administrative remedies, may seek judicial review. *Id.* Sanders seeks to bypass all administrative steps and proceed to judicial review in the sentencing court. The sentencing court, however, does not have jurisdiction to award credit for time served. *Id.*

Moreover, Sanders waived his right to collaterally attack the enhancements to his sentence by his guilty plea. *Hunter v. United States,*, 160 F.3d 1109, 1113 (6th Cir. 1998). In addition, at the time of sentencing, the Court denied Sanders' challenge to his enhancement and offered him an "opportunity to withdraw his guilty plea, which offer was declined by the defendant." [DE #27]. Finally, Sanders' collateral challenges to his enhancements were not filed within the one-year time limit of the Antiterrorism and Effective Death Penalty Act of 1996. In *Mayle v. Felix*, 545 U.S. 644, 654 (2005), the court said: "[a]n amended habeas petition, we hold, does not relate back ... when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650. Here, Sanders asserted a claim for jail-time credit in his original petition, but after the one-year limitations period expired, filed an amendment to challenge enhancements to his sentence. The facts regarding his second claim differ both in time and type from his original pleading; thus, the Amendment does not relate back. Petitioner's claims must be dismissed as time-barred. *Id.*; *Nichols v. United States*, 285 F.3d 445, 447 (6th Cir. 2002).

3

A certificate of appealability should only be issued if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When denials of relief are based on procedural defaults, a district court still should issue a certificate of appealability if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). In the present case, the Court determines that Defendant has not presented a close call or one which is "debatable." Therefore, a certificate of appealability will not issue.

### III.  CONCLUSION

The Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS**:

1. The Magistrate Judge's proposed findings of fact and recommendation [DE #40] are **ADOPTED** as the opinion of the Court;

2. Defendant's motion to vacate, correct or set aside his sentence [DE #'s 29, 31] and motion for reconsideration and amendment [DE #'s 34, 35] are **DENIED**;

3. The Motions of the United States to dismiss [DE #'s 33, 36] are **GRANTED**; and

4. Judgment will be entered contemporaneously with this opinion and order in favor of the United States.

This January 18, 2008.



Signed By:

*Karl S. Forester* KSF

**United States Senior Judge**

4